(158 App. Div. 467.)

## In re SLAWSON.

(Supreme Court, Appellate Division, First Department. October 10, 1913.)

1. ATTORNEY AND CLIENT (§ 44*)—OFFICE OF ATTORNEY—SUSPENSION—TAKING ADVANTAGE OF CLIENT.

　　Where an attorney, acting in collusion with his partner, took advantage of a client by obtaining a default judgment against a company, in which the client was the only person interested, through service of summons on his partner, who was secretary of the company, and settled with the client without disclosing or satisfying the judgment, he should be suspended.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

2. ATTORNEY AND CLIENT (§ 44*)—OFFICE OF ATTORNEY—SUSPENSION—TAKING ADVANTAGE OF CLIENT.

　　An attorney, who obtains an advantage over a client, or one who has been a client, by means that are not fair and honorable, is subject to suspension.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Charges presented by the Association of the Bar of the City of New York against Edward V. Slawson, an attorney, for professional misconduct. Respondent suspended for one year.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Middleton S. Borland, of New York City, for petitioner.
R. M. Moore, of New York City, for respondent.

INGRAHAM, P. J. [1] The Association of the Bar of the City of New York presented charges of professional misconduct against the respondent as an attorney of this court, to which the respondent interposed an answer. The matter was referred to the official referee, who has reported that the respondent took an unfair advantage of one Keller, who had been his client and the client of his firm for several years, in the particulars specified in his report, and that the advantage taken constituted conduct professionally reprehensible. The referee has submitted a full and careful report of the facts upon which he bases his conclusion, and it is unnecessary to restate them, as we agree with his conclusions. It is quite impossible to avoid the conviction that the respondent and his partner, Beare, were acting together to obtain an advantage over Keller. The fact that a few months before the transactions in question they claimed to have dissolved their partnership is of no importance. They still occupied the same offices, seemed to have continued the transaction of their business as before, and in an action that Beare commenced against the Bay Shore & Brentwood Company, in which the respondent, Beare, and Keller were interested, the same firm, consisting of the respondent and Beare, and Mr. Moore appeared as the plaintiff's attorneys. In the action which the respondent commenced against this company, he appeared as attorney in person, caused the summons to be served on his partner, Beare, who was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

secretary of the company, and, when no appearance had been received, filed a complaint, and entered judgment. Beare, having received this summons, took care that Keller, who was the only one interested in the company, should have no knowledge of the action, so that he or the company could not appear and interpose a defense. The evidence that the respondent and Beare acted in collusion to obtain this judgment without Keller's knowing anything about the action, and then made a settlement with Keller, obtaining an allowance on that settlement of the amounts that had been paid by the respondent and Beare for the benefit of the company, which was included in the judgment thus obtained by the respondent, and in the action which Beare had commenced, without disclosing the fact that he had obtained a judgment, and without satisfying the judgment, with the other evidence referred to by the referee, convinced us that the respondent and Beare were acting in collusion to obtain a personal advantage as against Keller and the company.

[2] The respondent submits that there was nothing in his conduct which calls for censure; that he was mixed up in an unfortunate business deal, and happened to be a lawyer. When he went into this "unfortunate business deal," it was with his client. That relation continued until it was seen that the "deal" would be unfortunate. He then severed his connection with his client, and proceeded to obtain an advantage over his client by means that were not fair and honorable. Attorneys must understand that in their dealings with their clients, or those with whom they have had such relation, they must be honest, if they wish to remain members of the profession.

Having approved of the conclusion of the referee, the question remains as to the proper discipline. We have concluded that we cannot overlook the offense, and therefore the respondent is suspended from practice for one year, and until the further order of this court, with leave to apply for reinstatement at the expiration of said period, upon proof that he has actually abstained from practice during that period and has otherwise properly conducted himself. All concur.