(158 App. Div. 469.)

### In re BEARE.

(Supreme Court, Appellate Division, First Department. October 10, 1913.)

1. ATTORNEY AND CLIENT (§ 44*)—OFFICE OF ATTORNEY—SUSPENSION—MISCONDUCT AS TO CLIENT.

    Where an attorney collusively allowed his former partner, with whom he was still connected, to secure a default judgment against his client, a company of which he was secretary, through service of summons on himself, he is subject to suspension for professional misconduct, under Judiciary Law (Consol. Laws 1909, c. 30) § 88, making malpractice ground for suspension.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

2. ATTORNEY AND CLIENT (§ 46*)—OFFICE OF ATTORNEY—SUSPENSION—MISCONDUCT AS TO CLIENT.

    The Appellate Division is charged with the supervision of its attorneys, and if any attorney is guilty of dishonest or improper conduct, es-

---

pecially toward his clients, or those who have been clients, it is its duty to discipline him, and an attorney cannot escape discipline for breach of duty to his client by severing his relation with the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. § 46.*]

Charges presented by the Association of the Bar of the City of New York against Clifford L. Beare, an attorney, for professional misconduct. Respondent suspended for one year.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Middleton S. Borland, of New York City, for petitioner.

John Neville Boyle and Philip W. Carney, both of New York City, for respondent.

INGRAHAM, P. J. [1] The charges grow out of the same fact that was present in the Matter of Slawson, 143 N. Y. Supp. 594, decided herewith. The referee has reviewed the facts in his report, upon which he bases his conclusion that the respondent has been guilty of professional misconduct, and it is sufficient to say that we concur in his report. Keller was the respondent's client, and it is clear that it was in consequence of that relation which existed that the partners united in forming this corporation. Respondent acted as attorney for Keller and the corporation, and was also its secretary, and was bound to exercise the good faith and honesty required of an attorney to his clients to protect its interest, and when the summons in the action of Slawson, his former partner, and with whom he was still connected, was served on him, he was bound to give the corporation notice that the summons had been served, and not determine for himself that, whatever the claim was (and as no complaint was served, he could only know upon what the action was based from what Slawson told him), the company had no defense. At any rate, the corporation was to determine that question, not its secretary.

[2] The undisputed facts show that the respondent acted in bad faith, and intended to allow Slawson to get a judgment against the corporation by default, which he well knew he could not get if the corporation were informed that the summons had been served. It is claimed by the respondent that, to sustain the referee's report, this court "must transcend the powers conferred upon it and exceed its jurisdiction." We understand that this court is charged with a supervision of its attorneys, and that if any attorney is convicted of dishonest and improper conduct, which establishes that he is not a proper person to hold the office of an attorney of the court, it is its duty to discipline him. If an attorney desires to continue to hold his office, he must be honest in his dealings, especially with his clients, and those who have been his clients, and he cannot escape discipline for acts which involve a breach of his duty to a client by severing the relation with his client.

We think that the acts of the respondent were violations of his professional obligation, that he was guilty of professional misconduct prej-

udicial to the administration of justice (sec. 88, Judiciary Law [Consol. Laws 1909, c. 30]), and the respondent is therefore suspended from practice for one year and until the further order of this court, with leave to apply for reinstatement at the expiration of said period, upon proof that he has actually abstained from practice during that period and has otherwise properly conducted himself. All concur.